Lossie Manuel, Widow of Ester B. Manuel, Petitioner *v.* N. L. Industries, Industrial Chemicals Division and Commonwealth of Pennsylvania, Respondents.

Argued February 4, 1980, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*Robert S. Robbins*, for appellant.

*David L. Pennington*, of *Harvey, Pennington, Herting & Renneisen, Ltd.*, for appellee.

OPINION BY JUDGE BLATT, March 31, 1980:

Lossie Manuel (claimant) appeals here from an order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's finding that the death of her husband, Ester B. Manuel (decedent), resulted from an occupational disease within the meaning of Section 301(c)(2) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(2).

The decedent died in 1975, and the claimant thereafter filed a claim petition alleging that his death resulted from an occupational disease, lead poisoning, contracted while he was employed by N. L. Industries (employer). At the hearing before the referee, it was established that the immediate cause of death was a heart attack. There was also competent medical evidence that the decedent had lead poisoning and that it had some role in causing his death. Concluding that the lead poisoning "contributed to and accelerated" the decedent's death, the referee awarded benefits. The employer appealed to the Board, which reversed, holding that the claimant had not shown by unequivocal medical evidence that the lead poisoning had resulted in the decedent's death.

In *Consolidation Coal Co. v. Workmen's Compensation Appeal Board*, 37 Pa. Commonwealth Ct. 412, 422, 391 A.2d 14, 19 (1978), we held "that the Act requires medical evidence to be presented which establishes that a claimant's death *resulted from* an occu-

pational disease, not simply that the disease was a contributing factor.'' (Emphasis in original.) Here, the claimant's medical testimony established, at best, that lead poisoning was one of several afflictions, including diabetes and tuberculosis, which weakened the decedent to the point at which he was susceptible to a heart attack.[1] We must agree with the Board that this evidence is insufficient to establish the required causal connection between the decedent's occupational disease and his death.

Therefore, the order of the Board will be affirmed.

### ORDER

AND Now, this 31st day of March, 1980, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

President Judge BOWMAN did not participate in the decision in this case.

---

[1] The claimant's medical witness did testify that, in his opinion, the decedent's life was shortened because the lead poisoning had decreased his resistance. On cross-examination, however, he admitted that "this is a matter of conjecture on my part."