466 A.2d 606

**Lossie MANUEL, Widow of Ester B. Manuel, Deceased, Appellants,**

v.

**N.L. INDUSTRIES, Industrial Chemical Division, and Commonwealth of Pennsylvania, Appellees.**

Supreme Court of Pennsylvania.

Argued Dec. 7, 1982.

Decided July 15, 1983.

Reargument Denied Jan. 16, 1984.

Robert S. Robbins, Philadelphia, for appellants.

David L. Pennington, Susan McLaughlin, Philadelphia, for N.L. Industries.

Sandra S. Christianson, Harrisburg, for Com.

Before O'BRIEN, C.J., and ROBERTS, NIX, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

OPINION

McDERMOTT, Justice.

This is an appeal from the Commonwealth Court, 50 Pa.Cmwlth. 279, 412 A.2d 912, decision affirming the order of the Workmen's Compensation Appeal Board (Board) dismissing appellant's petition for widow's benefits.[1] The issue is whether appellant satisfied her statutory burden of proving that her husband's death resulted from an occupational disease, as required under Section 301(c)(2) of the Pennsylvania Workmen's Compensation Act.[2] Consistent with our holding today in *McCloskey v. Workmen's Compensation Appeal Board,* we affirm the order of the Commonwealth Court.

Appellant, Lossie Manuel, filed a Fatal Claim Petition on December 23, 1975, alleging that the death of her husband, Ester B. Manuel (deceased), was the result of an occupational disease, lead poisoning, contracted while he was employed by N.L. Industries, Industrial Chemical Division (employer). The employer's records disclosed that decedent was monitored and treated for lead poisoning beginning in 1946 and continuing through the period of his employment. Decedent expired on August 19, 1975; the cause of death was listed on decedent's death certificate as heart failure, and tuberculosis and diabetes mellitus were listed as contributing causes. Claimant's medical witness testified that lead poisoning helped cause the death of decedent by weakening his resistance to the symptoms of heart failure. The Referee accepted this testimony and awarded benefits, concluding that "Decedent's lead poisoning . . . contributed to and accelerated" decedent's demise.

On appeal, the Board reversed the Referee's award, finding that the claimant had not shown by unequivocal medical

1. Jurisdiction is vested in this Court pursuant to the Act of July 9, 1976, P.L. 586, No. 142 § 2, 42 Pa.C.S.A. 724(a). This case is reported at 50 Pa.Cmwlth. 279, 412 A.2d 912 (1980).

2. The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, Art. III § 301(c), *as amended* by Act of March 29, 1972, P.L. 159, No. 61 § 7, 77 P.S. § 411(2).

testimony that decedent's death resulted from lead poisoning. The Board examined the testimony of claimant's medical witness and found that it failed to establish a sufficient causal relationship between the decedent's lead poisoning and his heart failure and resultant death. The Commonwealth Court affirmed.

Both the Board and the Commonwealth Court in this case relied upon that court's decision in *Consolidation Coal Co. v. Workmen's Compensation Board of Appeal,* 37 Pa.Cmwlth. 412, 391 A.2d 14 (1978). The Commonwealth Court there held that "the Act requires medical evidence to be presented which establishes that a claimant's death *resulted from* an occupational disease, not simply that the disease was a contributing factor" (emphasis supplied). 37 Pa.Cmwlth. at 422, 391 A.2d at 19. Here, the medical testimony adduced by appellant established that lead poisoning was one of several afflictions which weakened decedent to the point where he was susceptible to his fatal heart failure. Other debilitating factors included diabetes, tuberculosis, and a previous myocardial infarction. Both the Board and the court below concluded that appellant's evidence did not establish the degree of causal connection they deemed required by the words of § 301(c)(2), "death resulting from such disease."[3] It is that question that is central to this appeal.

**3.** § 301(c)(2) provides in part:

"(2) The terms 'injury,' 'personal injury,' and 'injury arising in the course of his employment,' as used in this act, shall include, unless the context clearly requires otherwise, occupational disease as defined in section 108 of this act: Provided, That whenever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease and occurring within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease: And provided further, That if the employe's compensable disability has occurred within such period, his subsequent death as a result of the disease shall likewise be compensable. The provisions of this paragraph (2) shall apply only with respect to the disability or death of an employe which results in whole or in part from the employe's exposure to the hazard of occupational disease after June 30, 1973 in employment covered by the Pennsylvania Workmen's Compensation Act."

Appellant argues that the standard promulgated in *Consolidation Coal* is unnecessarily restrictive in that it would allow recovery for claimants only where the occupational disease was itself the immediate or direct cause of death. Indeed, it seems that the court in that case did contemplate a restrictive standard when it held as follows:

Although we are fully aware of the difficulty of obtaining medical evidence which unequivocally pinpoints the cause of death, particularly in cases in which the deceased suffered from a number of interrelated diseases, we believe that the Act requires medical evidence to be presented which establishes that a claimant's death *resulted from* an occupational disease, not simply that the disease was a contributing factor. Even if the result seems to be a harsh one, we may not judicially expand coverage of the Act by ignoring statutory language pertaining to qualification for benefits. (citations omitted)

37 Pa.Cmwlth. at 422, 391 A.2d at 19. Appellant argues that the words of the statute neither require such a restrictive reading nor preclude an award where the occupational disease is something less than the immediate cause of death.

In *McCloskey v. Workmen's Compensation Appeal Board,* we held that a claimant need not prove that an occupational disease be the immediate or the only cause of death to be compensable. Rather, where the immediate cause of death was noncompensable, if a claimant can establish by unequivocal medical evidence that the occupational disease was a substantial secondary factor contributing to death, an award may be upheld. Nonetheless, appellant's claim must be denied. Appellant's medical witness testified in part:

The cause of death given to me was heart failure. In my opinion the debility of the individual prevented him from the actual resistance to the symptoms of the heart

failure. I did not say that the heart failure was due to the lead intoxication.

Notes of Testimony, January 4, 1977 at 55.

■  What appellant has demonstrated is that her husband's occupational disease was one factor among several affecting his physical condition (and not the strongest such factor), and that his physical condition affected his ability to survive his heart failure. Even under the standard now adopted, appellant has failed to establish unequivocally that the occupational disease, lead poisoning, was in this case a substantial secondary factor contributing to death.

Accordingly, the order of the Commonwealth Court is affirmed.

FLAHERTY, J., files a concurring opinion.

ROBERTS, C.J., concurs in the result.

LARSEN, J., did not participate in the consideration or decision of this case.

O'BRIEN, Former C.J., and HUTCHINSON, J., did not participate in the decision of this case.

FLAHERTY, Justice, concurring.

I concur in the result reached by the majority based on the reasoning regarding causation expressed in my Concurring Opinion in *McClosky v. Workmen's Comp. Appeal Bd., et al.,* 501 Pa. 93, 460 A.2d 237 (1983).