Republic Steel Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Simonetti), Respondents.

Argued March 16, 1984, before Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*Linton L. Moyer*, with him, *John K. Heisey*, *Thomson, Rhodes & Grigsby, P.C.*, for petitioner.

*Daniel D. Harshman*, for respondent, Betty Simonetti.

OPINION BY JUDGE CRAIG, June 1, 1984:

Republic Steel Corporation questions the award of fatal claim benefits to Betty Simonetti, widow of Tony Simonetti. Based on the same reasoning which we have adopted in the companion case of *Republic Steel Corporation v. Workmen's Compensation Appeal Board (Zacek)*, 83 Pa. Commonwealth Ct. 19, A.2d (1984), we will (1) vacate the order of the board and remand this case for a further hearing, if necessary, and findings on the issue of causation and (2) certify this case for interlocutory appeal to the Supreme Court.

As revealed in his widow's testimony, Tony Simonetti was a loader, a coal handler and a motorman for Republic Steel from 1935 until his death on July 17, 1976. The death certificate listed acute myocardial infarction as the cause of death; it listed pneumoconiosis as an "other significant condition."

Mrs. Simonetti's fatal claim petition alleged that her husband's death "occurred as a result of coal worker's pneumoconiosis which was the result of his exposure to dusts while working in the coal mines." After hearings, the referee awarded benefits, determining that Mr. Simonetti died "as a result of anthracosilicosis and/or coal workers' pneumoconiosis due to the total and cumulative exposure to coal dust throughout his working experience." Applying our causation standard in *Evon v. Workmen's Compensation Appeal Board,* 70 Pa. Commonwealth Ct. 325, 453 A.2d 55 (1982), the board affirmed.

In awarding benefits, the referee relied upon the testimony of Mr. Simonetti's family physician, Dr. Thomas P. Connelly, who pertinently stated:

> Q. Doctor, after reviewing all your records and the Death Certificate, the x-rays, the history, did you reach a conclusion concerning Mr. Simonetti's death?
>
> A. Yes, I had, in reviewing my records, I found that the records showed that Mr. Simonetti did have evidence of coal workers' pneumoconiosis. And I formed the professional opinion at that time, with a reasonable medical certainty, that Mr. Simonetti had coal workers' pneumoconiosis at the time of his death; *and I felt it was one of several ongoing disease processes which resulted in the death of Mr. Simonetti.* (Emphasis added.)

On cross-examination, Dr. Connelly stated that a myocardial infarction usually is caused by coronary

atherosclerosis and he identified that condition as the other ongoing disease process which could have led to death.[1] In letters to Mr. Simonetti's counsel, Dr. Connelly variously described pneumoconiosis as "a substantial contributing factor" and "one of several ongoing disease processes" causing death.

As in *Zacek*, it is not clear if Dr. Connelly meant to say that (1) coal workers' pneumoconiosis was merely one of many equally important factors or that (2) pneumoconiosis was a "substantial" or "significant" factor contributing to Mr. Simonetti's death, which appears to be the minimum standard now being applied by the Pennsylvania Supreme Court, according to our study of *McCloskey v. Workmen's Compensation Appeal Board*, 501 Pa. 93, 460 A.2d 237 (1983), and its sequel, *Manuel v. N. L. Industries*, 502 Pa. 329, 466 A.2d 606 (1983). *See Zacek.*

Accordingly, as in *Zacek*, we will remand this case for a determination of whether Mr. Simonetti's occupational disease was a substantial, contributing factor in bringing about his death, and will also make the certification under 42 Pa. C. S. §702(b) and Pa. R.A.P. 1311 which constitutes a threshold qualification for permission to appeal an interlocutory order, subject to the Supreme Court's discretion.

### ORDER

Now, June 1, 1984, the order of the Workmen's Compensation Appeal Board, dated April 21, 1983, No. A-84262, is vacated, and this case is remanded to a referee for further hearing, if necessary, and for further findings on the issue of causation in accordance

---

[1] We do not reach the question of whether, taken as a whole, Dr. Connelly's testimony was sufficiently unequivocal to meet the standard of competency established in *Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board*, 77 Pa. Commonwealth Ct. 202, 465 A.2d 132 (1983).

with the foregoing opinion. In addition, it is hereby certified that this court is of the opinion that this order involves a controlling question of law as to which there is substantial ground for difference of opinion, and that allowance of an immediate appeal from this order may materially advance the ultimate determination of this matter.

Jurisdiction relinquished.