Commonwealth of Pennsylvania, Bureau of Workers' Compensation, Appellant *v.* Mary Uchaker, Widow of Rudolph, Appellees.

Argued October 10, 1985, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Paul E. Baker,* with him, *Thomas D. Gould,* Assistant Counsel, for appellant.

*Timothy P. Creany,* for appellee.

OPINION BY SENIOR JUDGE KALISH, December 10, 1985:

The appellee, Mary Uchaker, filed a fatal claim petition for burial expenses under section 307(8) of the Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1407, alleging that her husband, Rudolph Uchaker, died of an occupational disease. The referee granted the petition; however, the Workmen's Compensation Appeal Board (Board) reversed. The Court of Common Pleas of Cambria County reversed the Board. We affirm the action of the common pleas court.

The appellee introduced into evidence a physician's report which opined that "the severe pneumoconiosis, with accompanying emphysema, pulmonary fibrosis and chronic bronchitis noted at autopsy was a significant contributing factor in the demise of Rudolph Uchaker." The appellant, Commonwealth of Pennsylvania, argues that this does not comply with the standard of causation which imposes legal liability. The referee found that the coal miner's disease was a significant contributing cause of the death. The Board reversed, holding that the correct standard of causation required the appellee to prove that the death was the result of pneumoconiosis. In reversing the Board, the common pleas court held that the appellee had met the standard set forth in *McCloskey v. Workmen's Compensation Appeal Board*, 501 Pa. 93, 460 A.2d 237 (1983) (plurality opinion). This standard was reiterated in *Kusenko v. Republic Steel Corp.*, 506 Pa. 104, 484 A.2d 374 (1984).

In *Kusenko*, the Pennsylvania Supreme Court set down the definitive standard for determining causation in cases where the death was the result of multiple illnesses; the requirements of section 301(c)(2) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(2), "may be met by showing with unequivocal medical evidence that the deceased suffered from an occupational disease and that it was a substantial, contributing factor among the secondary causes in bringing about death." *Kusenko*, 506 Pa. at 107, 484 A.2d at 376, quoting *McCloskey*, 501 Pa. at 101, 460 A.2d at 241. Whether there was unequivocal medical evidence to establish causation is a question of law reviewable by this court. It is not fatal to a claimant's case that her physician does not use the magic words "substantial contributing factor" in describing the cause of the death. Here, where the physician's report for the

appellee used the terminology "significant contributing factor", we believe he expressed a medical opinion of reasonable medical certainty which met the standard set forth in *McCloskey* and *Kusenko*.

ORDER

The order of the Court of Common Pleas of Cambria County in No. 1981-930, dated October 18, 1983, is affirmed.