516 A.2d 836

Richard Greene Coal Co., Petitioner *v.* Workmen's Compensation Appeal Board (Shirey), Respondents.

Argued September 9, 1986, before Judges CRAIG and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Richard A. Bell, Bell, Silberblatt & Swoope,* for petitioner.

*Thomas F. Morgan,* for respondent, Florence Shirey.

OPINION BY JUDGE BARRY, October 23, 1986:

This is an appeal by the Richard Greene Coal Co., employer, of an order of the Workmen's Compensation Appeal Board (Board) which reversed the referee's denial of benefits to claimant Florence Shirey. Mrs. Shirey had filed for fatal claim benefits alleging that her husband died of anthraco-silicosis, a form of pneumoconiosis resulting from prolonged exposure to the dust of anthracite or bituminous coal and a compensable occupational disease under Section 301(c)(2) of the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(2).

Florence Shirey is the widow of Maynard Shirey. Mr. Shirey was employed virtually all of his working life in or around coal mines. He worked the majority of the time outside of the mines both as a laborer on the tipple and as a trucker hauling coal. He was exposed to coal dust during this period. On October 1, 1976, Mr. Shirey suffered a stroke and never returned to work. His health deteriorated gradually over the next three and a half years until his death on May 3, 1980 of a myocardial infarction (heart attack).[1] The autopsy read:

---

[1] During his lifetime, Mr. Shirey filed a disability claim petition. After it became apparent that Mr. Shirey's illness was termi-

"Immediate cause of death acute myocardial infarction; gangrene left foot; pneumonia, anthracosis, emphysema, and pneumoconiosis." The referee denied fatal claim benefits on the basis that Mrs. Shirey failed to prove that Mr. Shirey's pneumoconiosis was the cause of death. The standard of proof applicable at the time the referee made his decision was set forth in *Consolidation Coal Company v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 412, 391 A.2d 14 (1978). Under *Consolidation Coal* it was necessary to prove that death *resulted from* an occupational disease and not simply that the disease was a contributing factor. Claimant appealed to the Board. On December 10, 1982, this Court decided the case of *Evon v. Workmen's Compensation Appeal Board,* 70 Pa. Commonwealth Ct. 325, 453 A.2d 55 (1982). Our decision in *Evon* relaxed the standard of proof requiring only that a causal relationship between the occupational disease and death be established. Based on *Evon,* the Board, on March 3, 1983, reversed the referee's decision. The Board ruled that the referee's findings clearly established that pneumoconiosis was one of the causes of death. The employer's timely appeal of that decision is before us.

On May 9, 1983, the Pennsylvania Supreme Court decided the case of *McCloskey v. Workmen's Compensa-*

---

nal, a decision on this claim was postponed until an autopsy could be performed to determine more accurately the cause of his disability. At the hearing, Dr. Roger Hughes, M.D., the impartial medical examiner appointed to review the medical records and examine Mr. Shirey before his death, opined that Mr. Shirey was totally disabled from arteriosclerotic heart disease and pulmonary emphysema, and not from pneumoconiosis. Dr. Hughes based his opinion on the medical records, his own examination and the autopsy report. It appears that the referee considered the medical evidence presented in Mr. Shirey's claim initiated while he was still alive in disposing of his widow's fatal claim petition.

*tion Appeal Board,* 501 Pa. 93, 460 A.2d 237 (1983). The case before us contains many factual similarities to *McCloskey.* In *McCloskey* the Supreme Court discarded the standard enunciated in *Evon* and adopted a new standard. The court said:

> Therefore, we hold today that where there are multiple causes of death and the immediate cause was non-compensable, the requirements of §301(c)(2) may be met by a showing with unequivocal medical evidence that the deceased suffered from an occupational disease and that it was a substantial, contributing factor among the secondary causes in bringing about death. Proving merely, as appellant contends, that the disease was or may have been a contributing factor is inadequate.

*Id.* at 101, 460 A.2d at 241.

The issue before us then is whether the claimant established by unequivocal medical evidence that Mr. Shirey suffered from pneumoconiosis and that. it was a substantial contributing factor among the secondary causes in bringing about Mr. Shirey's death. We remand.

In *Bureau of Worker's Compensation v. Uchaker,* 93 Pa. Commonwealth Ct. 400, 501 A.2d 703 (1985), the Board, in applying the *Consolidation Coal* standard, had reversed the referee's grant of fatal claim benefits determining that the referee made no finding that pneumoconiosis actually caused the death. The referee had made a finding that pneumoconiosis was a "significant contributing factor" to death. The trial court, deciding the appeal after the *McCloskey* decision was rendered, found that the referee's findings satisfied the *McCloskey* test and reversed the Board. We affirmed. We reasoned that a claim is not automatically thrust outside the realm of *McCloskey* because the words

"substantial contributing factor" were not used. If unequivocal medical evidence exists to support such a finding, that is sufficient to meet the *McCloskey* test.

Unfortunately, we are unable to reach such a final determination of whether the standard set forth in *McCloskey* was met in the case before us. The referee did find that pneumoconiosis was a contributing cause of Mr. Shirey's death. Because the *Consolidation Coal* rule was the standard existing at the time of his decision, the referee understandably saw no need for further elaboration upon the degree to which the medical evidence established that pneumoconiosis contributed to Mr. Shirey's death. In light of our limited scope of review, however, we must remand for more precise findings of whether the medical evidence unequivocally established that pneumoconiosis was a substantial and contributing factor to Mr. Shirey's death.

We recognize the considerable delay claimant has suffered in awaiting a resolution of her claim. We, therefore, remand this matter to the Board with directions to remand to the referee for resolution within ninety days.

## Order

Now, October 23, 1986, it is ordered that this case be remanded to the Workmen's Compensation Appeal Board. The Workmen's Compensation Appeal Board is ordered to remand this matter to the referee for resolution within ninety days of this order in a manner consistent with this opinion.

Jurisdiction relinquished.