525 A.2d 465

Helen Stiner, Widow of Elmer J. Stiner, Deceased, Petitioner *v.* Workmen's Compensation Appeal Board (Harmar Coal Company), Respondents.

Argued March 26, 1987, before Judges MACPHAIL and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*John D. Hendricks, Tarasi, Tierney & Johnson, P.C.* for petitioner.

*Wanda Whare,* Assistant Counsel, for respondent.

*Beth S. Kromer,* with her, *George H. Thompson, Paul E. Sutter, Tillman & Thompson,* for respondent.

OPINION BY JUDGE MACPHAIL, May 7, 1987:

Helen Stiner (Petitioner) petitions for our review of an order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's decision and dismissed the fatal claim petition she had filed following the death of her husband, Elmer Stiner (Decedent). We affirm.

Petitioner filed a fatal claim petition following her husband's death on February 21, 1980 in which she alleged that his death resulted from coal worker's pneumoconiosis. Decedent's death certificate listed two immediate causes of death: (1) advanced carcinoma of the esophagus and (2) generalized inanition-cachexia (in laymen's terms, starvation due to inability to eat or drink). Coal worker's pneumoconiosis was listed under the category of "other significant conditions: contributing to death but not related to the immediate cause." Decedent had received total disability benefits due to pneumoconiosis during his life dating from July 21, 1976.

The referee rendered the following pertinent fact findings regarding the issue of a causal link between Decedent's occupational disease and his death:

5. That it was the opinion of the decedent's treating physician that one of the cuases [sic]

which ultimately contributed to Mr. Stiner's death, was the coal worker's pneumoconiosis from which he suffered during his lifetime.

6. That your Referee finds as a fact that a major contributing factor of the decedent's death was coal worker's pneumoconiosis which was causally related to his employment for defendant.

The referee concluded that Petitioner was entitled to fatal claim benefits on the basis of those findings.

On appeal, the Board reversed based on its conclusion that the medical testimony of Decedent's treating physician,[1] Dr. Connelly, was not sufficient to support the referee's finding that Decedent's occupational disease was a "major contributing factor" in his death. The sole issue in the subsequent appeal to this Court relates to the adequacy of the medical evidence presented.[2]

In *McCloskey v. Workmen's. Compensation Appeal Board,* 501 Pa. 93, 101, 460 A.2d 237, 241 (1983), our Supreme Court first set forth, in a plurality opinion, the standard to be applied in cases of this nature.

[W]here there are multiple causes of death and the immediate cause was non-compensable, the requirements of §301(c)(2)[3] may be met by a showing with unequivocal medical evidence that the deceased suffered from an occupational disease and that it was a substantial, contributing

---

[1] Neither the employer, Harmar Coal Company, nor the Commonwealth (Respondents) introduced medical evidence in this case.

[2] The question of whether there is unequivocal medical evidence to establish causation is one of law subject to review by this Court. *Bureau of Workers' Compensation v. Uchaker,* 93 Pa. Commonwealth Ct. 400, 501 A.2d 703 (1985).

[3] Section 301(c)(2) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(2).

factor among the secondary causes in bringing about death.

This standard was later reaffirmed by a majority of the Supreme Court in *Kusenko v. Republic Steel Corp.*, 506 Pa. 104, 484 A.2d 374 (1984).

A careful review of the medical evidence presented in the instant case reveals that Decedent's treating physician was of the opinion that pneumoconiosis was one of the causes of Decedent's death in that it weakened his physical condition and, thus, diminished his ability to sustain himself during his struggle against cancer. Dr. Connelly acknowledged that Decedent's esophagal cancer was terminal, but opined that if "he did not have pneumoconiosis he may not have deteriorated so rapidly. His ability to eat and take things in might have been better." Deposition at 32, Reproduced Record at 66. When asked how long Decedent might have survived absent the pneumoconiosis, Dr. Connelly responded that he conceivably could have lived "a couple of weeks, a month perhaps." *Id.*

Thus, we are presented with a case where the contribution of Decedent's occupational disease to his death was limited to a further weakening of Decedent's physical condition which *may* have accelerated his ultimate demise due to cancer. We do not think this medical evidence constitutes unequivocal proof that the pneumoconiosis was a "major contributing factor" in Decedent's death, as found by the referee. Rather, we conclude that the medical proof adduced here is more akin to that involved in *Manuel v. N. L. Industries,* 502 Pa. 329, 466 A.2d 606 (1983).

In *Manuel,* it was alleged that the decedent's death was the result of an occupational disease, to wit, lead poisoning. The immediate cause of death was heart failure. A medical witness testified that the lead poisoning contributed to the decedent's death by lowering his re-

sistance to the symptoms of heart failure. The decedent also suffered from tuberculosis and diabetes mellitus. The Supreme Court, again in a plurality opinion, concluded that this evidence was not adequate to meet the standard set forth in *McCloskey*. The Court noted that the medical evidence demonstrated only that the "occupational disease was one factor among several affecting his physical condition (and not the strongest such factor), and that his physical condition affected his ability to survive his heart failure." *Id.* at 334, 466 A.2d at 608.

We similarly conclude that in the instant case, the medical evidence, read as a whole, is not sufficient to unequivocally establish that Decedent's occupational disease, was a substantial factor which actively contributed to his death. We, accordingly, will affirm the Board's order in this matter.

ORDER

The order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

Judge COLINS dissents.