528 A.2d 1078

Bethlehem Mines Corporation, Self Insured, Petitioner *v.* Workmen's Compensation Appeal Board (James), Respondents.

Submitted on briefs May 22, 1987, to Judges CRAIG and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Robert G. Rose, Spence, Custer, Saylor, Wolfe & Rose,* for petitioner.

*David J. Tulowitzki, Tulowitzki, Creany & Tulowitzki,* for respondent, Dean W. James, Deceased, Dorothy E. James, Widow.

OPINION BY SENIOR JUDGE NARICK, July 28, 1987:

This is an appeal by Bethlehem Mines Corporation (Employer) from a decision of the Workmen's Compen-

sation Appeal Board (Board) affirming a decision of the referee which awarded benefits to Dorothy E. James (Claimant). We affirm.

Claimant, widow of Dean W. James (Decedent), filed a fatal claim petition on September 29, 1983 alleging that her husband's death was a result of silicosis contracted through his employment with Employer. Decedent had been employed in the coal mines for approximately forty years, the majority of this time with Employer. At the time of his death on July 9, 1983, Decedent was receiving partial disability compensation for silicosis.

Claimant, in support of her position that silicosis contributed to her husband's death, offered the report and testimony of Dr. Bernard P. McQuillan. Decedent's death certificate was also admitted into evidence. The death certificate indicated that the immediate cause of death was gastric carcinoma but under Part II of the death certificate, coal workers' pneumoconiosis was indicated as "Other Significant Conditions: contributing to death but not related to the immediate cause". Employer, in support of its position, offered the report and testimony of Dr. George W. Strother.

The referee made the following pertinent findings of fact.

9. At the time of his death, the Deceased was partially disabled because of coal workers' pneumoconiosis, . . .

10. Dr. Bernard P. McQuillan, a treating physician for the Deceased, testified that the Deceased had coal workers' pneumoconiosis at the time of his death.

11. Dr. McQuillan further testified that although the primary cause of the Deceased's death was cancer of his stomach, his coal workers' pneumoconiosis was a major contribut-

ing cause of his death because he would have lived weeks or months longer if he had not had this coal workers' pneumoconiosis.

12. Your referee accepts the testimony of Dr. McQuillan over that of Dr. Strother and finds as a fact that the Deceased had coal workers' pneumoconiosis at the time of his death and finds as a fact that this workers' compensation occupational disease was a substantial contributing factor in the death of Dean W. James.

The Board affirmed the referee's findings. Hence, this appeal by Employer.

The sole issue on appeal is whether Claimant satisfied her burden of proving that her husband's death resulted from an occupational disease as required by Section 301(c)(2) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(2).

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). The standard of recovery for fatal claim benefits under Section 301(c)(2) of the Act, was set forth by our Supreme Court in *McCloskey v. Workmen's Compensation Appeal Board*, 501 Pa. 93, 460 A.2d 237 (1983). The *McCloskey* standard for recovery provides that:

Where there are multiple causes of death and the immediate cause of death was non-compensable, the requirements of Section 301(c)(2) may be met by a showing with unequivocal medical evidence that the deceased suffered from an occupational disease and that it was a *substan-*

*tial, contributing factor among the secondary causes in bringing about death.*[1]
*Id.,* 501 Pa. at 101, 460 A.2d at 241 (emphasis added).

Thus, we must determine whether the testimony of Dr. McQuillan, relied upon by the referee, constituted unequivocal medical evidence pursuant to the *McCloskey* standard. Whether unequivocal medical evidence exists to establish causation is a question of law reviewable by this Court. *Bureau of Workers' Compensation v. Uchaker,* 93 Pa. Commonwealth Ct. 400, 501 A.2d 703 (1985).[2] With regard to application of the *McCloskey* standard, this Court held in *Uchaker* that it is not a requirement that a medical expert, in order to establish causation, use the magical words of "substantial contributing factor"; rather, it is sufficient that a medical opinion express with reasonable certainty the standard set forth in *McCloskey.*

It is necessary in the instant matter to carefully examine the testimony of Dr. McQuillan which was relied upon by the referee. Dr. McQuillan testified in relevant part:

Q: Doctor, in your opinion, what is the cause or the causes of his death?

A: Mr. James died of carcinoma of the stomach, . . .

Q: Were there other causes?

---

[1] In *Kusenko v. Republic Steel Corp.,* 506 Pa. 104, 484 A.2d 374 (1984), the *McCloskey* standard was reaffirmed by a majority of the Supreme Court.

[2] A medical witness is not required to be certain, positive, and without reservation, exception, or peradventure of doubt. Rather, it is sufficient if a medical expert after providing the foundation testify that in his professional opinion he believes or that he thinks the facts exist. *Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board (Lucas),* 77 Pa. Commonwealth Ct. 202, 465 A.2d 132 (1983).

A:  Yes. I feel that he had two other causes of death; secondary causes, if you will: 1) he had arteriosclerotic heart disease. . . . Secondly, I think that he had pneumoconiosis . . .

Q: Now you wrote a letter to Mr. Tulowitzki on August 8th, '83 advising him 'it is my further medical opinion that this man's pneumoconiosis was a major contributing factor in his terminal illness.' Why do you say that, Doctor?

A:  . . . I feel that his cause of death was his carcinoma of the stomach which was metastatic. I think that he had symptoms in the latter portion of his illness, or most certainly on his terminal admission, of chest congestion. He developed ascites. I think that's three contributing factors to those conditions; the chest congestion, the ascites, the marked weakness, not only his carcinoma but also his lung trouble and heart trouble.

Q:  Can you be more specific why you used the word major contributing factor? What were the mechanics of death as far as they related to his lungs?

A:  . . . First of all, I think he went into some terminal heart failure. I think the heart wasn't pumping the blood as well as it should; it was backed up in the system; backed up in the lungs to cause congestion. I think the fact that he had underlying pulmonary disease, pneumoconiosis with emphysema, contributed to his demise terminally in the sense he wasn't able to handle the congestion that he had.

Q:  Can you make a prediction of what might have happened had he had good lungs?

A:  I think he would have lived a little longer but still died of carcinoma.

. . . .

Q: Would it be legitimate to offer a medical opinion that based upon the extent of his disease it probably would have killed him at or about the same time even if he had no coal workers' pneumoconiosis?

A: No, I think he would have lived a little longer . . . Whether we're talking a matter of weeks, months, I can't answer for you . . .

Thus, we must determine whether Dr. McQuillan's testimony unequivocally establishes that Decedent's pneumoconiosis was a "substantial contributing factor causing death". First, we will examine those instances whereby benefits have been awarded applying the *McCloskey* standard. In *Uchaker*, the decedent's widow introduced into evidence a physician's report which indicated that " 'severe pneumoconiosis, with accompanying emphysema, pulmonary fibrosis and chronic bronchitis noted at autopsy was a significant contributing factor in the demise of Rudolf Uchaker,' " and the referee based upon this found that coal miner's disease was a significant contributing cause of death. *Uchaker* at 402, 501 A.2d at 703-04. Also, in *Weishar v. Allegheny Pittsburgh Coal Co.*, 100 Pa. Commonwealth Ct. 529, 515 A.2d 93 (1986), the evidence supporting an award of benefits consisted of: (1) the decedent's 1972 award of disability for pneumoconiosis and silicosis, and (2) the decedent's death certificate which provided in Part II of the Certificate that "Coal Workers Pneumoconiosis with Massive Fibrosis" was "Other Significant Conditions: contributing to death but unrelated to the immediate cause in Part I(a)".

However, in the cornerstone case of *McCloskey*, benefits were denied. In *McCloskey*, the immediate cause of death was a heart attack coupled with numerous contributing secondary factors. The Supreme Court reasoned that the testimony of the two medical experts

submitted by appellant (decedent's widow) was equivocal because the appellant's first expert admitted that his identification of silicosis as a contributing factor in death was "merely a 'supposition' made without the assistance of an x-ray", and appellant's second expert testified that silicosis "may" have been a factor in reducing decedent's chances of survival. *McCloskey* at 101 fn. 5, 460 A.2d at 241 fn. 5.

Benefits were also denied in *Manuel v. N. L. Industries,* 502 Pa. 329, 466 A.2d 606 (1983). In *Manuel,* the medical expert testified that "lead poisoning helped cause the death of decedent by weakening his resistance to the symptoms of heart failure". Tuberculosis, diabetes, and an earlier heart attack were other factors which debilitated the decedent. The referee awarded benefits concluding that the "[d]ecedent's lead poisoning . . . contributed to and accelerated" death. The Court concluded in *Manuel* that the medical expert's testimony that the occupational disease "helped cause" death was not a "substantial secondary factor contributing to death." *Id.* at 334, 466 A.2d at 608.

In the recent case of *Stiner v. Workmen's Compensation Appeal Board (Harmar Coal Co.),* 106 Pa. Commonwealth Ct. 30, 525 A.2d 465 (1987) death benefits were also denied. The death certificate in *Stiner* indicated that the immediate causes of death were esophagal carcinoma and starvation due to inability to eat or drink. Pneumoconiosis was listed under Part II of the death certificate which provided "Other Significant Conditions: contributing to death but not related to the immediate cause". The pertinent medical evidence was as follows:

> [D]ecedent's treating physician was of the opinion that pneumoconiosis was one of the causes of Decedent's death and that it weakened his physical condition and, thus, diminished his ability to

sustain himself during his struggle against cancer. Dr. Connelly [decedent's treating physician] acknowledged that Decedent's esophagal cancer was terminal, but opined that if 'he did not have pneumoconiosis he may not have deteriorated so rapidly. His ability to eat and take things in might have been better.' Deposition at 32, Reproduced Record at 66. When asked how long decedent might have survived absent the pneumoconiosis, Dr. Connelly responded that he conceivably could have lived a 'couple of weeks, a month perhaps.'

*Id.* at 33, 525 A.2d at 466.

This Court concluded in *Stiner* that medical evidence which indicated that "the contribution of decedent's occupational disease to his death was limited only to a further weakening of the decedent's physical condition which *may* have accelerated his ultimate demise due to cancer" was not sufficient proof that the pneumoconiosis was a "major contributing factor" in decedent's death. *Stiner* at 33, 525 A.2d at 466.

In the instant matter, Dr. McQuillan testified that Decedent's pneumoconiosis was one of two secondary causes of death, was a *major contributing cause of death* and that the Decedent *would* have lived longer. The referee based upon Dr. McQuillan's testimony concluded that pneumoconiosis was a "major contributing cause" of death. Thus, the present matter is distinguishable from those instances where benefits have been denied. In *McCloskey* the medical testimony was based upon supposition and indicated silicosis *may* have reduced the Decedent's chance of survival. In *Manuel,* the *McCloskey* standard was not even utilized and the medical evidence merely revealed that the occupational disease was one of several factors which "helped cause" death. Lastly, in *Stiner,* the *McCloskey* standard, as in

*Manuel,* was not utilized and the medical expert could only indicate that decedent's occupational disease *may* have accelerated death.

Accordingly, the order of the Board awarding benefits to Claimant is affirmed.

ORDER

AND NOW, this 28th day of July, 1987, the order of the Workmen's Compensation Appeal Board at Docket No. A-88899 which affirmed the referee's award of death benefits is hereby affirmed.