557 A.2d 1168

Bethlehem Mines Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Kuzo, Deceased), Respondents.

Submitted on briefs March 17, 1989, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge NARICK, sitting as a panel of three.

*James E. Pocius,* for petitioner.

*Robert J. Gillespie, Sr., Mylotte, David & Fitzpatrick,* for respondent.

OPINION BY SENIOR JUDGE NARICK, May 2, 1989:

This is an appeal by Bethlehem Mines Corporation (Employer) from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's award of

benefits to Mary Kuzo (Claimant). For the reasons which follow, we affirm.

Claimant, widow of John Kuzo (Decedent), filed a fatal claim petition alleging that her husband's death resulted from coal miner's disease. Decedent had been employed in the coal mining industry for approximately forty years. On January 3, 1978, he retired from his work in the coal industry and on August 18, 1978 by decision and order of a referee, he was awarded compensation benefits for disabling anthracosilicosis. Decedent received these benefits until his death on February 19, 1984.[1]

At the hearing before the referee, Claimant presented the testimony of Dr. Carmen C. McGinley, Decedent's treating physician at the time of his death. The following testimony by Dr. McGinley was relied upon by the referee in his decision to award benefits to Claimant:

Q: Can you say with reasonable medical certainty, Doctor, whether or not you feel that this man had a respiratory condition which was either anthracosilicosis or pneumoconiousis [sic]?

A: Well, I can say with reasonable certainty that he had a respiratory condition that was in part caused by his work exposure, and I believe that to be anthracosilicosis.

Q: And that's a reasonable medical certainty?

A: Yes, sir, I think so.

Q: Doctor, what part, then, did this respiratory condition that he had play in his death?

A: Well, it certainly contributed significantly to his underlying lung problem, and the compli-

---

[1] The record before the referee reveals that the primary cause of Decedent's death was respiratory arrest due to metastatic brain damage with increased intracranial pressure and bronchogenic carcinoma of the lung.

cations with the carcinoma, and then his underlying chronic obstructive pulmonary disease caused him more difficulty pulmonary wise. He did succumb to respiratory arrest. I cannot say whether his chronic lung disease was the primary cause or secondary cause. That's impossible to say.

I do know that it contributed somewhat to it and significantly so. It may have been one of the major factors, if not the major factor aside from his metastatic carcinoma.

. . . .

Q: Was it a substantial contributing factor, Doctor?

A: Again, you know, that's difficult to say. I mean, certainly any factor contributing to the chronic lung disease is substantial, okay, and he did have substantial exposure. There's no question about that, so I'd have to say in my opinion, it had to be a substantial contributing factor. I can't give you whether it's what percent if you're trying to pin me down in that.

*See* Notes of Testimony from January 10, 1985 hearing at pages 8 and 24.

In his findings of fact, the referee indicated that although Dr. McGinley was at times equivocal his testimony in its entirety was unequivocal and definitive that Decedent's anthracosilicosis was at least a substantial contributing factor in his death. The referee further found persuasive the fact that Decedent had received total disability benefits for anthracosilicosis and a pathology report dated May 26, 1983, which revealed anthracosilicosis and pulmonary fibrosis in the upper lobe tissues.

Employer appealed to the Board contending that Dr. McGinley's testimony was equivocal and therefore could not support the referee's award. The Board rejected this argument and stated that Dr. McGinley's testimony when

reviewed in its entirety was unequivocal that occupational disease was a substantial contributing factor causing death in Decedent. The Board further found that Dr. McGinley's testimony could only be said to have equivocated with respect to the relationship between cigarette smoking and coal dust on obstructive lung disease in that the doctor was unprepared to state whether cigarette smoking contributed more significantly to Decedent's death than his anthracosilicosis.[2]

Employer's argument before this Court is that there is no sufficient and competent evidence of record upon which the referee could make a finding that anthracosilicosis was the substantial contributing factor in Decedent's death because the testimony of Dr. McGinley which was relied upon by the referee was equivocal.[3] Of course, in addressing Employer's argument we must keep in mind that when no additional evidence is received by the Board, the referee is the judge of facts. *Universal Cyclops Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). The referee may accept or reject the testimony of any witness in whole or in part. *Kraemer v. Workmen's Compensation Appeal Board (Perkiomen Valley School District),* 82 Pa. Commonwealth Ct. 469, 474 A.2d 1236 (1984). And, if testimony when taken as a whole serves as substantial support for the referee's findings, we must affirm. *Lewis v. Workmen's Compensation Appeal Board (Pittsburgh Board of Education),* 508 Pa. 360, 498 A.2d 800 (1985).

---

[2] The record reveals Claimant had a history of heavy smoking but that he quit approximately fifteen years before his death.

[3] Our scope of review is limited to determining whether there has been a constitutional violation or an error of law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Blue Bell Printing v. Workmen's Compensation Appeal Board (Montgomery Publishing Co.),* 115 Pa. Commonwealth Ct. 203, 539 A.2d 933 (1988).

In the seminal case of *McCloskey v. Workmen's Compensation Appeal Board*, 501 Pa. 93, 460 A.2d 237 (1983), our Supreme Court set forth a standard for recovery for fatal claim benefits under Section 301(c)(2) of The Pennsylvania Workmen's Compensation Act:[4]

> [W]here there are multiple causes of death and the immediate cause was non-compensable, the requirements of §301(c)(2) may be met by a showing with unequivocal medical evidence that the deceased suffered from an occupational disease and that it was a *substantial, contributing factor among the secondary causes in bringing about death*.

*Id.*, 501 Pa. at 101, 460 A.2d at 241 (emphasis added).

Whether unequivocal medical evidence exists to establish causation is a question of law reviewable by this Court. *Bethlehem Mines Corp. v. Workmen's Compensation Appeal Board (James)*, 108 Pa. Commonwealth Ct. 68, 528 A.2d 1078 (1987). It is not necessary that a medical expert in order to establish causation use the magic words "substantial contributing factor"; rather, it is sufficient that a medical opinion express with reasonable certainty the standard set forth in *McCloskey*.

In *Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board (Lucas)*, 77 Pa. Commonwealth Ct. 202, 206-207, 465 A.2d 132, 134-35 (1983), the following reasoning was set forth by this Court in determining whether medical testimony is equivocal:

> Certainly it is not the law, as it has been sometimes argued, that every utterance which escapes the lips of a medical witness on a medical subject, must be certain, positive, and without reservation, exception, or peradventure of a doubt. We repeat, that as to facts which a claimant must

---

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(2).

prove by medical evidence, it is sufficient that his medical expert, after providing a foundation, testify that in his professional opinion or that he believes or that he thinks the facts exist. The claimant has, in such event, produced competent evidence of the facts which, if accepted by the factfinder will support an award, even if the medical witness admits to uncertainty, reservation, doubt or lack of information with respect to medical and scientific details; so long as the witness does not recant the opinion or belief first expressed.

In the matter herein, Employer does not contest that there was a finding of total disability due to anthracosilicosis in 1978. In fact, there was a stipulation before the referee to this effect. Rather, Employer contends that there was no sufficient testimony to support a finding that anthracosilicosis was the substantial contributing factor in Decedent's death because the testimony of Dr. McGinley was equivocal. Although Dr. McGinley could not state whether cigarette smoking or anthracosilicosis contributed more significantly to Decedent's death, he never wavered from his opinion that anthracosilicosis was a substantial contributing factor causing Decedent's death. Thus, Dr. McGinley's testimony unequivocally establishes the standard set forth in *McCloskey* that anthracosilicosis was a "substantial, contributing factor among the secondary causes in bringing about death". *McCloskey,* 501 Pa. at 101, 460 A.2d at 241.

Accordingly, for the reasons set forth herein, we will affirm the Board.

### ORDER

AND NOW, this 2nd day of May, 1989, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.