569 A.2d 990

**CITY OF SCRANTON, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(RICHARDS) Respondents.**

Commonwealth Court of Pennsylvania.

Argued Nov. 14, 1989.
Decided Jan. 26, 1990.

Gregory D. Geiss, for petitioner.

George W. Teets, for respondent, Ruth E. Richards.

Before CRUMLISH, Jr., President Judge, COLINS, J., and BARBIERI, Senior Judge.

COLINS, Judge.

The City of Scranton (City) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of a referee awarding fatal claim benefits to Ruth E. Richards (claimant), widow of Arthur J. Richards (decedent) pursuant to Section 108(o) of The Pennsylvania Workmen's Compensation Act[1] (Act). We affirm.

Decedent was employed as a fireman for the City for a period of thirty-five years. On December 18, 1979, in the course of his employment with the City, he suffered a heart attack. The heart attack was determined to be work-related and decedent was awarded total disability benefits. He continued to receive treatment for his weakened heart until the date of his death on October 19, 1984. Claimant filed a fatal claim petition alleging that decedent died as a result of his work-related heart attack and work-related carcinoma of the lungs. The City filed a timely answer denying the allegations in the fatal claim petition.

A hearing was held before a referee and claimant presented the testimony of decedent's treating physician, Dr. Michael J. Turock, by way of deposition. Dr. Turock

1. Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. § 27.1(o).

testified that he continued to treat the decedent from the time of his work-related heart attack and that decedent was totally disabled for any type of work due to this heart attack until the date of his death. Dr. Turock also testified that both the work-related heart attack and lung cancer were substantial contributing factors in bringing about decedent's death.

■ The referee accepted the testimony of Dr. Turock as credible [2] and awarded compensation under Section 301(c)(2) of the Act, 77 P.S. § 411(2) [3] which provides in part that "[t]he terms 'injury,' 'personal injury,' and 'injury arising in the course of his employment,' as used in this act, shall include, unless the context clearly requires otherwise, occupational disease as defined in Section 108 of this act...."

■ The referee made the following pertinent findings of fact:

7. On June 22, 1984, decedent was admitted to the Community Medical Center due to heart fibrillation, diagnosed as Cardiac Arrythmias. Another diagnosis at this time included carcinoma of the lungs. After numerous consultations, chemotherapy was performed on decedent and he did not respond very well. On September 25, 1984, decedent was readmitted to the hospital to place a drainage tube to drain the tumor cavity and abscess. Decedent was last admitted to the Community Medical Center on October 12, 1984. An Electrocardiogram taken at the hospital revealed atrial fibrillation with a rapid

2. Where, as here, the Board takes no additional evidence, the referee is the finder of fact, *Yanish v. Workmen's Compensation Appeal Board (Bethlehem Mines Corp.)*, 96 Pa.Commonwealth Ct. 545, 507 A.2d 1302 (1986), and he may accept or reject the testimony of any witness in whole or in part. *Id.* If the testimony, as a whole, provides substantial support for those findings, we must affirm. *Lewis v. Commonwealth*, 508 Pa. 360, 498 A.2d 800 (1985).

3. The referee issued a decision on August 6, 1986 but did not specify under what section compensation should be awarded. On appeal, the Board remanded to the referee for a more specific decision delineating the section under which benefits should be granted. The referee issued a decision on August 21, 1987 awarding benefits under Section 301(c)(2) of the Act. The Board affirmed the grant of benefits and this appeal ensued.

ventricular response, right bundle branch block, suggestive of subendocardial ischemia. These changes demonstrated tremendous strain over his heart with marked irregularities and lack of blood flow to the various parts of the heart. Dr. Turock opined these changes demonstrated a progression of the damage to his heart and was a direct result of the work related myocardial infarction he sustained in 1979. Dr. Turock signed the hospital summary with the medical opinion decedent was principally admitted to the Community Medical Center on October 12, 1984 for carcinoma of the lungs. Additional diagnosis was anemia of chronic disease, atherosclerotic heart disease, congestive heart failure, atrial fibrillation and decedent died on October 19, 1984.

8. Dr. Turock opined decedent died from complications from his lungs, carcinoma and cardiopulmonary arrest from his heart. Had decedent's heart been in a stronger condition, either surgical intervention or a more potent chemotherapeutic drug would have been used to treat the carcinoma of the lung and would have been more aggressive trying to cure his lung carcinoma in a more aggressive fashion. Due to decedent's weakened myocardial condition, treatment was limited. Dr. Turock opined that based upon decedent's work history as a fireman, exposed to heat, smoke and toxic fumes, including work after June 30, 1973, decedent's medical history, treatment and examinations, his exposure to toxic fumes and gases, contributed substantially to the cause of his carcinoma. That decedent's work related heart attack was a substantial contributing factor to decedent's death on October 19, 1984.

.     .     .     .     .

11. This Referee is inclined to accept as more credible the medical findings and opinions of Dr. Michael Turock, claimant's treating physician, as well as other relevant evidence in the record and makes the following additional findings of fact:

(a) That during decedent's lifetime, he was a fire fighter for the defendant a period of Thirty-five (35) years prior to suffering a work related heart attack on December [1] 8, (sic) 1979. That decedent continued to be totally disabled as a result of his work related heart attack, to the date of his death, October 19, 1984.

(b) That the decedent was exposed to the hazards of fire fighting for Thirty-five (35) years with the defendant and was exposed to the hazards of extreme over-exertion in times of stress, exposed to heat, smoke, noxious fumes and gases, as a result of which he suffered diseases of the heart and lung, arising out of his employment as a fire fighter and as a result of said employment and exposure, he suffered an injury to his heart consisting of a work related myocardial infarction on December 18, 1979, and which was a substantial contributing factor to his death on October 19, 1984.

(c) That decedent was exposed to the hazards of fire fighting with the defendant for Thirty-five (35) years, exposed to noxious fumes and gases to December 18, 1979, inclusive, which were a substantial contributing factor to his lung disease, developing into a lung carcinoma, and causally related to his work, constituting an injury within the meaning of the Act.

(d) That decedent suffered a work related heart attack and myocardial condition, namely, disease of the heart and disease of the lungs, namely, carcinoma, causally related to his exposure to toxic fumes and gases, extreme heat and smoke inhalation, all of which were hazards to decedent. That as a result, decedent's work related heart attack was a substantial contributing factor to decedent's death on October 19, 1984, and said death was also causally related to his work related lung disease, all of which constitutes an injury within the meaning of Section 108(o) of the Occupational Disease Section of the Workmen's Compensation Act, Section 301(c)(2).

The City submits that Dr. Turock's testimony is insufficient as a matter of law to support an award of benefits.

Arguing that the testimony establishes only that decedent's weakened heart condition made him more susceptible to the effects of the carcinoma and precluded certain types of care which might have been attempted absent the heart condition, the City points to *Stiner v. Workmen's Compensation Appeal Board (Harmar Coal Co.)*, 106 Pa. Commonwealth Ct. 30, 525 A.2d 465 (1987), *petition for allowance of appeal granted,* 520 Pa. 622, 554 A.2d 513 (1989), as controlling. Further, the City argues that carcinoma is not a disease peculiar to the lung and therefore, should not be included within the scope of the language of Section 108(*o*) of the Act. Finally, it is contended that the claimant did not establish that the lung cancer was a disease arising directly out of the employment and that no evidence substantiating the decedent's exposure to carcinogenic fumes was presented.

Our Supreme Court set forth the standard to be applied in cases of this nature in *McCloskey v. Workmen's Compensation Appeal Board*, 501 Pa. 93, 101, 460 A.2d 237, 241 (1983).

> [W]here there are multiple causes of death and the immediate cause was non-compensable, the requirements of § 301(c)(2) may be met by a showing with unequivocal medical evidence that the deceased suffered from an occupational disease and that it was a substantial, contributing factor among the secondary causes in bringing about death.

The Supreme Court reaffirmed this standard in a majority opinion in *Kusenko v. Republic Steel Corp.*, 506 Pa. 104, 484 A.2d 374 (1984).

Here, the immediate cause of decedent's death was listed as carcinoma of the lungs. Assuming, without deciding, that the carcinoma was non-compensable under *McCloskey,* claimant is still entitled to an award of benefits on the basis of Dr. Turock's unequivocal testimony that decedent's work-related heart attack was a substantial contributing factor to his death.

The medical testimony in this case is distinguishable from that of the treating physician in *Stiner*. In *Stiner* the treating physician was of the opinion that the occupational disease was one of the causes of the death in that it weakened the decedent's physical condition and thus, diminished his ability to sustain himself during his struggle against cancer. This Court concluded that where the medical evidence established only that the contribution of the occupational disease to the death was limited to a further weakening of the decedent's physical condition which *may* have accelerated his demise due to cancer, it did not constitute unequivocal proof that the occupational disease was a "major contributing factor" in the death.

Here, Dr. Turock's testimony, when read as a whole,[4] indicates that the damage from the original work-related heart attack was so severe that decedent was unable to return to any type of employment, that he continued to have heart problems and that his admission to the hospital on June 22, 1984 was due to heart fibrillation. He gave extensive testimony about decedent's arteriosclerotic heart disease, congestive heart failure, and atrial fibrillation. Although Dr. Turock indicated that the decedent's heart condition did affect the methods of treating the lung cancer, he never wavered from his opinion that the work-related heart attack was a substantial contributing factor in bringing about decedent's death.

The referee made a finding that decedent remained totally disabled from employment as a result of his work-related heart attack. The City does not dispute that a finding of disability was made and benefits were paid to decedent until the time of death. *See generally Bethlehem Mines Corp. v. Workmen's Compensation Appeal Board (Kuzo)* 125 Pa.Commonwealth Ct. 542, 557 A.2d 1168 (1989). However, the City now argues that the disabling heart condition was merely a "weakening factor" in the decedent's fight

4. The opinion, taken as a whole must contain a requisite level of certainty so as to be described as unequivocal. *Standard Steel Co. v. Workmen's Compensation Appeal Board (Pruitt),* 82 Pa.Commonwealth Ct. 546, 476 A.2d 993 (1984).

against lung cancer. Dr. Turock's testimony establishes that the heart condition was disabling in and of itself for a period of years and that due to decedent's weakened condition from having heart problems, the treatment of the cancer was affected. The record shows that the heart condition was much more than a "weakening factor." Therefore, we conclude that as a matter of law, Dr. Turock's testimony constitutes unequivocal medical evidence that decedent's work-related heart attack was a substantial contributing factor to his death.[5]

Based on the foregoing discussion, we affirm the order of the Board granting fatal claim benefits to claimant.

### ORDER

AND NOW, this 26th day of January, 1990, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

---

5. Because we have concluded that the work-related heart attack was a substantial contributing factor to decedent's demise, we need not address the issues raised by the City which question the compensability of the lung cancer.